52    APPELLATE COURTS OF ILLINOIS.

Sturges & Burn Mfg. Co. v. Root Dairy Supply Co., 186 Ill. App. 52.

## Sturges & Burn Manufacturing Company, Appellant, v. Root Dairy Supply Company, Appellee.

### Gen. No. 19,345. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed April 21, 1914.

### Statement of the Case.

Action by Sturges & Burn Manufacturing Company against Root Dairy Supply Company to recover the unpaid balance of the purchase price of milk and other cans furnished and delivered to defendant. The amount of said balance, $1,496.95, was unquestioned. Defendant sought to recoup damages for an alleged breach of contract. The jury gave a verdict for plaintiff for $500, thereby finding for defendant to the extent of the difference. The total amount of defendant's damages, however, as claimed and proved, was $237.31 less than the jury allowed it. From a judgment entered on the verdict, plaintiff appeals.

BULKLEY, GRAY & MORE, for appellant.

HELMER, MOULTON, WHITMAN & WHITMAN, for appellee; LLOYD C. WHITMAN, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. SET-OFF AND RECOUPMENT, § 45*—*when judgment allowing defendant more than claim for recoupment cannot be sustained.* In an action to recover a sum due for milk cans furnished the defendant, where the amount alleged to be due was unquestioned, and defendant sought to recoup damages for breach of the contract,

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

*held* that a verdict and judgment in favor of plaintiff for a sum which showed that defendant was allowed more on his claim of recoupment than he claimed and proved, could not be sustained, it appearing from the pleadings and proofs there was no basis for exemplary damages and the only question presented being whether in quality and weight the cans were such as plaintiff contracted to furnish.

2. SALES, § 401*—*when evidence insufficient to show breach of warranty.* In an action for a balance of the purchase price of milk cans furnished by plaintiff to defendant, a claim of recoupment for breach of a warranty consisting of representations as to the weight of the cans, *held* not sustained by the evidence.

3. SALES, § 279*—*when breach of warranty waived.* Where there is a warranty as to the weight and quality of goods sold, and the defects are readily apparent or ascertainable on inspection, the warranty is waived where no complaint is made within a reasonable time after their acceptance.